UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNEST BREAUX § | | |
| § | | |
| **Plaintiff,** § | | |
| § | Case No.: | |
| v. § | | |
| § | | |
| CHICAGO BRIDGE & IRON COMPANY § | | |
| (DELAWARE) (now known as § | | |
| MCDERMOTT INTERNATIONAL, INC.) § | | |
| and MCDERMOTT INTERNATIONAL, § | | |
| INC. § | | |
| § | **TRIAL BY JURY DEMANDED** | |
| **Defendants.** § | | |

## ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Ernest Breaux, Plaintiff, on behalf of himself, through undersigned counsel, complains of Chicago Bridge & Iron Company (Delaware), now known as McDermott International, Inc., (hereinafter "CB&I") and McDermott International, Inc. (hereinafter "McDermott") and files this Original Complaint showing the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains of discrimination on the basis of age under Age Discrimination in Employment Act.

3. This action seeks compensatory and punitive damages, lost wages (past, present, and future), injunctive relief, attorney's fees, taxable court costs, pre-judgment and post-judgment interest.

### PARTIES

4. Plaintiff Ernest Breaux is a resident of Miami, Florida.

5. Defendant McDermott International, Inc., is a corporation incorporated in the Republic of Panama with its headquarters and principal place of business in Houston, Texas. Defendant McDermott International Inc., may be served with process by mail or in person in its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

6. Defendant Chicago Bridge & Iron Company (Delaware) ("CB&I") merged with McDermott International, Inc. in May 2018. The combined entity is known as McDermott International, Inc. However, CB&I remains registered with the Texas Secretary of State and continues to have the right to transact business in Texas. Defendant CB&I may be served with process by mail or in person in its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## VENUE

7. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division, because a substantial part of the events or omissions giving rise to the claim occurred here as required under 28 U.S.C. §1391.

## JURISDICTION

8. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction), under the Age Discrimination in Employment Act ("ADEA").

9. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL PREREQUISITES

10. All conditions precedent to the filing of this action have been met by Plaintiff. Additionally, he filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC"),

received a Notice of Right to Sue letter from said agency to pursue his claims, and files suit within the statutory period.

11. Plaintiff filed a Charge of Discrimination against Defendant CB&I with the EEOC on June 29, 2018, within 300 days of the last discriminatory act.

12. On August 15, 2018 the EEOC mailed Plaintiff a Notice of Right to Sue letter, entitling him to file suit on his claim of discrimination based on age.

13. The filing of this lawsuit has been filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter from the EEOC.

## FACTS

14. At the time of Plaintiff's termination, he was 51 years old.

15. Plaintiff was hired by CB&I in June 2008 and was given the position of E&C Americas Director.

16. Plaintiff was based at CB&I's former headquarters located at 2103 Research Forest, Dr., The Woodlands, Texas 77381.

17. Plaintiff demonstrated sustained performance excellence while employed by CB&I and was qualified for his position.

18. During Plaintiff's employment with CB&I, one of Plaintiff's second-level supervisors, Tom McCormick ("McCormick"), implemented a policy whereby CB&I employees would charge their time and expenses to each individual project undertaken by CB&I.

19. At the time of Plaintiff's termination, Plaintiff was assigned fourteen separate projects.

20. Plaintiff's assigned projects involved travel to both domestic and international job sites.

21. During Plaintiff's employment with CB&I, Plaintiff's immediate family lived in the Republic of Honduras.

22. Therefore, Plaintiff would generally work four to five weeks on CB&I projects and then visit his family in Honduras for a week.

23. In the summer of 2017, Plaintiff's immediate supervisor, Dwight Abshire ("Abshire"), and Plaintiff's second-level supervisor, McCormick proposed moving Plaintiff into a new position that required more international travel. This new position would have required Plaintiff to be away from his family for extended periods of time.

24. Abshire and McCormick therefore proposed that Plaintiff visit his family and consult with them before making a decision regarding the new position.

25. While in Honduras, Plaintiff continued to work on CB&I business.

26. Plaintiff appropriately billed his time to each individual project in accordance with the time expended.

27. Plaintiff's immediate supervisor, Abshire, authorized Plaintiff's work activities in Honduras and the billing of Plaintiff's time while in Honduras.

28. On August 8, 2017, Plaintiff was interviewed for three hours by members of CB&I security department. This interview concerned Plaintiff's expense reports, time sheets, statements made by Plaintiff's supervisors.

29. Plaintiff was suspended pending further investigation at the conclusion of this interview.

30. On September 7, 2017, Plaintiff received a phone call from Brad Smith of CB&I's Human Resources department and another CB&I employee, Paul Oliver. They told Plaintiff that he was terminated effective immediately for violating company policy regarding time-keeping and expense tracking.

31. Plaintiff did not violate company policy regarding time-keeping and expense tracking and his conduct was approved by his immediate supervisor, Abshire.

32. CB&I filled Plaintiff's position with a younger employee, Deana Corey.

33. At the time of Plaintiff's termination and in the time thereafter, CB&I engaged in a pattern of terminating older employees or forcing them into retirement. As in Plaintiff's case, Defendants looked to made-up reasons to let an older worker go, as a pretext for age discrimination. CB&I then replaced these employees with younger workers.

34. CB&I merged with McDermott International, Inc. in May 2018 creating a combined entity known as McDermott International, Inc.

## COUNT I:

## DISCRIMINATION ON THE BASIS OF AGE UNDER ADEA

35. Plaintiff re-alleges and incorporates into count one, paragraphs 1-34.

36. Defendants, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the ADEA, as amended.

37. Defendants, by and through their agents, have maintained a policy of age discrimination, and unlawfully terminated Plaintiff in violation of the foregoing statute.

38. If Plaintiff was not over 40, he would not have been terminated.

## DAMAGES

39. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

## EXEMPLARY DAMAGES

40. Defendants' actions were intentional, willful, harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress. The wrongs

done by the Defendants were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

## ATTORNEY'S FEES

41. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of COANE AND ASSOCIATES, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

42. Plaintiff hereby makes his demand for a jury trial.

## INJUNCTIVE RELIEF

43. Plaintiff seeks injunctive relief requiring Defendants to take affirmative and effective steps to remove and otherwise discipline managers who have failed to comply with the ADEA and who violate Federal statutory protection against discrimination.

44. Plaintiff seeks injunctive relief requiring Defendants to take specific actions designed, implemented, and confirmed by qualified non-government consultants to ensure that all supervisory employees are adequately trained to identify, investigate, and stop situations and complaints. Such specific actions include, but are not limited to:

   a. allocation of significant funding and trained staff to implement all changes within two years;

b. discipline managers who have violated the companies' policies and failed to meet their legal responsibility to promptly investigate complaints and to take effective action to stop and deter prohibited personnel practices against employees;

c. establishing and strictly measuring EEO compliance as a critical element in every manager's performance standards;

d. creating a process for the prompt investigation of harassment and reprisal complaints separate from the agency's process;

e. mandatory and effective training for all employees and managers on discrimination and retaliation issues, investigations and appropriate corrective actions; and

f. reinstatement of Plaintiff.

## PRAYER

45. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

    a. Back Pay;

    b. Pre-Judgment Interest on Back Pay;

    c. Front Pay or reinstatement;

    d. Liquidated damages;

    e. Compensatory Damages, including but not limited to emotional distress;

    f. Punitive Damages;

    g. Injunctive and Affirmative Relief;

    h. Attorney's Fees and Costs;

    i.    Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

Dated: November 2, 2018

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

*/s/Bruce Coane*
Bruce A. Coane, Attorney-in-Charge
S.D. Tex. #7205
TX Bar #04423600
Email: bruce.coane@gmail.com
Matthew P. Swiger
S.D. Tex. #24088495
TX Bar #2276929
Email: matt.swiger@coane.com
Coane and Associates, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone: 713-850-0066
Facsimile: 713-850-8528

***ATTORNEYS FOR PLAINTIFF***